UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARRY SEARCY,<br><br>    Plaintiff,<br><br> v.<br><br>SCOTT WALDEN, Idaho Correctional Industries Production Manager; JENNIFER PANTNER, ISCI Correctional Officer; DOES 1 THROUGH 10, fictitiously named persons, in their individual and official capacities; and IDAHO CORRECTIONAL INDUSTRIES, in its official capacity as an entity of the State of Idaho,<br><br>    Defendants. | Case No. 1:15-cv-00537-CWD<br><br>**ORDER** |

  Plaintiff, a prisoner in the custody of the Idaho Department of Correction ("IDOC"), is proceeding pro se and in forma pauperis in this civil rights action. The Court screened the Complaint, pursuant to 28 U.S.C. §§ 1915 and 1915A, and determined that it stated a plausible claim that two defendant correctional officers retaliated against Plaintiff—in violation of the First Amendment—for Plaintiff's litigation activities and use of the prison grievance system. (*See* Initial Review Order, Dkt. 8.)

**ORDER - 1**

Now pending before the Court is a Motion for Summary Judgment (Dkt. 23) filed by Defendants Scott Walden and Jennifer Pantner, the only Defendants against whom Plaintiff has been allowed to proceed. Also pending is Defendants' Motion to Strike Plaintiff's Supplemental Response Brief in opposition to their Motion for Summary Judgment. (Dkt. 40.) All parties have consented to the jurisdiction of a United States Magistrate Judge to conduct all proceedings in this case in accordance with 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73. (Dkt. 13.)

Having fully reviewed the record, the Court finds that Plaintiff's Supplemental Response will be accepted. Further, the Court requires additional evidence to determine whether Defendants are entitled to summary judgment. Accordingly, the Court enters the following Order denying Defendants' Motion to Strike, denying without prejudice Defendants' Motion for Summary Judgment, allowing Defendants to renew their motion at a later date, and allowing the parties to submit additional evidence and supplemental briefs.

## DEFENDANTS' MOTION TO STRIKE PLAINTIFF'S SUPPLEMENTAL RESPONSE BRIEF

Discovery in this case closed on December 5, 2016. Defendants filed their Motion for Summary Judgment on January 4, 2017. (Dkt. 23.) Plaintiff filed his response on February 7, 2017. (Dkt. 25.) In that response, Plaintiff asked that the Court defer considering the Motion, or allow additional time for Plaintiff to conduct discovery, under Federal Rule of Civil Procedure 56(d). Plaintiff did not dispute any of the facts that Defendants alleged were undisputed, but he did submit some evidence—a memorandum

purportedly written by Defendant Walden and a declaration offered by another inmate—with respect to Plaintiff's claim that he was terminated from his prison employment in retaliation for his exercise of protected activity. This evidence tends to show that there were part-time positions available within the Correctional Industries ("CI") program and that various inmates were allowed to participate in that program on a part-time basis. (*Id*.; *see* Declaration of David Johnson and May 2, 2014 Memorandum, Dkt. 25-12.)

Plaintiff's Rule 56(d) response appears to have been based on his motion to modify the Court's scheduling order, which he filed just days before the close of discovery. (*Id*.; Dkt. 25-1 at 2 ¶ 2; *see* Dkt. 41 at 2.) Plaintiff evidently assumed that the Court would grant the motion to modify and, therefore, did not attempt to dispute any of Defendants' factual contentions in their Motion for Summary Judgment. The motion to modify the scheduling order was later denied because Plaintiff had not established good cause for filing such a motion so close to the end of the discovery period. (Dkt. 37 at 2.)

Over two months after the close of discovery, and two weeks after Plaintiff filed his response to the Motion for Summary Judgment, Plaintiff filed a motion to compel, contending that Defendants had not provided him with discovery. (Dkt. 29.) This motion was later denied, because granting the post-discovery motion to compel would "jeopardize the orderly resolution of th[is] case and disrupt[] the court's overall management of its busy docket." *Monson v. Corizon*, No. 1:11-cv-00468-MHW, 2013 WL 3756440, at *3 (D. Idaho July 11, 2013); *see also* Dkt. 37 at 4.

The Motion for Summary Judgment became ripe on February 21, 2017, when Defendants filed their reply brief. (*See* Dkt. 27.)

**ORDER - 3**

Following the Court's denial of Plaintiff's motion to modify the scheduling order and motion to compel, Plaintiff filed a "Supplemental and Substantive Response to Defendants' Motion for Summary Judgment," which included further argument opposing the Motion for Summary Judgment and additional evidence intended to dispute portions of Defendants' statement of undisputed facts. (Dkt. 39.) Plaintiff did not seek leave of Court to file this supplemental response, even though the Court had previously instructed that "[n]either party shall file supplemental responses, replies, affidavits, or other filings not authorized by the Local Rules without prior leave of Court." (Dkt. 15 at 5.)

Defendants now move to strike Plaintiff's supplemental response because it was filed in violation of Local Rule 7.1 and the Court's previous order prohibiting unauthorized supplemental filings. (Dkt. 40.)

Plaintiff contends that his supplemental response is his "first, substantive response" to the Motion for Summary Judgment, because Plaintiff "first asked the Court to modify the Scheduling Order . . . and to compel disclosure of discovery." (Dkt. 41 at 2.) Plaintiff also contends that he asked permission "to delay his substantive response . . . by way of his Rule 56(d) response." (*Id.*)

Whether to accept a brief or affidavits filed in violation of a Court order is within the Court's discretion. The Court will exercise that discretion in this case to allow Plaintiff's Supplemental Response. Although Plaintiff is a frequent civil litigator in this Court and has been an active class representative in an ongoing class action for over thirteen years, he remains pro se. *See Searcy v. Audens*, Case No. 1:04-cv-00488-LMB; *Searcy v. Ada County*, Case No. 1:06-cv-00001-BLW; *Searcy v. Williamson*, Case No.

**ORDER - 4**

1:06-cv-00110-BLW; *Searcy v. Idaho State Board of Corrections*, Case No. 1:10-cv-00166-CWD; *Searcy v. Thomas*, Case No. 1:10-cv-00294-EJL; *see also Balla v. IDOC*, Case No. 1:81-cv-01165-BLW (D. Idaho). Pro se plaintiffs are "bound by the rules of procedure," just as represented parties, *Ghazali v. Moran*, 46 F.3d 52, 54 (9th Cir. 1995), but the Court finds it appropriate in this case to allow Plaintiff's Supplemental Response.

Therefore, Defendants' Motion to Strike will be denied.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiff claims that Defendant Walden terminated Plaintiff from his prison job with CI in retaliation for Plaintiff's litigation activities, including his class representative activities in the *Balla v. IDOC*, Case No. 1:81-cv-01165-BLW (D. Idaho), and his use of the prison grievance system. Plaintiff also claims that Defendant Pantner retaliated against Plaintiff by (1) trying to place him in a mini-single cell, instead of a regularly-sized single cell, in September of 2013, and (2) placing a C-note in Plaintiff's file in January of 2014, following Plaintiff's termination from CI, in an attempt to get Plaintiff dismissed from his new job and transferred out of his single cell.

A First Amendment retaliation claim must allege the following: "(1) An assertion that a state actor took some adverse action against an inmate (2) because of (3) that prisoner's protected conduct, . . . that such action (4) chilled the inmate's exercise of his First Amendment rights, and (5) the action did not reasonably advance a legitimate correctional goal." *Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (footnote omitted). Although a "chilling effect on First Amendment rights" is enough to state an injury, *Gomez v. Vernon*, 255 F.3d 1118, 1127 (9th Cir. 2001), "bare allegations of

ORDER - 5

arbitrary retaliation" are insufficient to state a retaliation claim, *Rizzo v. Dawson*, 778 F.2d 527, 532 n.4 (9th Cir. 1985).

1.  **Claims Against Defendant Pantner**

Defendant Pantner argues that the statute of limitations bars Plaintiff's claim regarding the mini-single cell. Defendant Pantner is correct that the last action taken by Pantner regarding this issue occurred on September 16, 2013, and that this action was not filed until over two years later, on November 12, 2015. *See* Idaho Code § 5-219 (two-year statute of limitations for personal injury actions); *Wilson v. Garcia*, 471 U.S. 261, 280 (1985) (holding that state statute of limitation for personal injury actions governs § 1983 actions), *abrogated on other grounds by Jones v. R.R. Donnelley & Sons Co.*, 541 U.S. 369 (2004).

However, the statute of limitations is tolled while a prisoner exhausts the prison grievance process, *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005), and there is insufficient evidence as to whether such remedies were properly exhausted or how long it took for Plaintiff to exhaust. Thus, on the current record the Court cannot conclude that this claim is time-barred. Plaintiff has stated that he exhausted his remedies on this claim no earlier than December 13, 2013—which is within the statute of limitations period. (Dkt. 39-1 at 3-4.) Defendants will be allowed to submit evidence either that the mini-single cell claim was properly exhausted prior to November 12, 2013, or that Plaintiff did not properly exhaust available administrative remedies as required by the Prison Litigation Reform Act, and that therefore the statute of limitations bars this claim.

In addition to the statute of limitations issue, the record is unclear as to the exact nature of Pantner's actions regarding the mini-single cell, the reasons behind any such actions, and whether such action was supported by a legitimate penological purpose. It appears that there may have been an applicable waiting period for inmates to receive a single cell after being hired with CI. It also appears that Plaintiff may have requested a single cell prior to the expiration of that waiting period and that another inmate might have been ahead of Plaintiff on the waiting list. (Dkt. 39-6 at 1-2.) However, the record is not entirely clear on these facts.

It is also unclear whether Plaintiff was placed in a single cell in September of 2013 in compliance with policy or in an exception to policy after his attorney discussed the issue with counsel for the IDOC. Plaintiff has submitted evidence that some officials were upset and believed that Plaintiff was given a single cell—before he was entitled to it—as a result of class counsel's efforts in the *Balla* case. (*Id*. at 4, stating that Defendant Walden believed Plaintiff "used Balla to muscle [his] way into [his] single-cell".) It may be that Pantner's attempt to place Plaintiff in a mini-single cell was intended to be a compromise that would get Plaintiff into a single cell—though not the most desirable single cell—before he actually was entitled to single-cell status. But again, there is simply not enough evidence in the record for the Court to determine the reasons behind whatever action Defendant Pantner took with respect to Plaintiff's single-cell status in September of 2013. The parties will be allowed to supplement the record along with their supplemental briefs.

**ORDER - 7**

Finally, Defendant Panter has not yet had an opportunity to reply to Plaintiff's additional evidence and argument, submitted with his Supplemental Response, regarding either claim against Panter—the mini-single-cell claim or the C-note claim. Therefore, the Court will allow supplemental briefing on this issue.

**2.      Claim Against Defendant Walden**

Defendant Walden has also not had an opportunity to reply to Plaintiff's supplemental evidence and argument. Therefore, the parties will be permitted to file supplemental briefs on the claim regarding Plaintiff's termination from CI.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion for Leave to File Overlength Brief (Dkt. 38) is GRANTED.

2. Defendants' Motion to Strike (Dkt. 40) is DENIED.

3. Defendants' Motion for Summary Judgment (Dkt. 23) is DENIED without prejudice as set forth above. Within 42 days after entry of this Order, Defendants may renew their motion for summary judgment and may submit a supplemental opening brief, with additional evidence, in support of that renewed motion.

4. Within 28 days after service of Defendants' renewed motion, Plaintiff shall submit a supplemental response brief, with any additional evidence, in opposition to the renewed motion.

5. Within 14 days after service of Plaintiff's supplemental response, Defendants may submit a supplemental reply.

6. In their supplemental briefing in support of, or in opposition to, Defendants' renewed motion for summary judgment, the parties may incorporate any previous briefing with respect to Defendants' first motion for summary judgment and may cite to any evidence currently in the record.

7. No additional discovery will be permitted.

DATED: **August 29, 2017**

Honorable Candy W. Dale
United States Magistrate Judge