# UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| BARRY SEARCY,<br><br>     Plaintiff,<br><br>     v.<br><br>SCOTT WALDEN, Idaho Correctional Industries Production Manager; JENNIFER PANTNER, ISCI Correctional Officer; DOES 1 THROUGH 10, fictitiously named persons, in their individual and official capacities; and IDAHO CORRECTIONAL INDUSTRIES, in its official capacity as an entity of the State of Idaho,<br><br>     Defendants. | Case No. 1:15-cv-00537-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Pending before the Court are the following motions: Plaintiff's Motion to Vacate Magistrate's Orders and Motion to Grant Leave to File Amended Complaint (Dkt. 57), Plaintiff's Motion for Leave to File Additional Motions (Dkt. 72), Plaintiff's Motion to Appoint Counsel (Dkt. 73), and Defendants' Motions to Strike (Dkts. 67, 68). For the reasons described below, the Court will grant Plaintiff's Motion to Grant Leave to File Amended Complaint, will grant in part and deny in part Plaintiff's Motion to Vacate Magistrate's Orders, will deny Plaintiff's Motion to Appoint Counsel, and will deny as

moot Plaintiff's Motion for Leave to File Additional Motions and Defendants' Motions to Strike.

## BACKGROUND

Plaintiff Barry Searcy is a prisoner in the custody of the Idaho Department of Correction proceeding pro se and in forma pauperis in this civil rights action. On November 12, 2015, Plaintiff filed a Complaint alleging that Defendants Scott Walden, Jennifer Pantner, Idaho Correctional Industries, and several un-named persons, Does 1-10, had violated various Idaho state laws, and violated his rights under the First Amendment. Dkt. 3 at 15-23.

When Plaintiff filed this action, it was initially assigned to the Honorable Candy W. Dale, United States Magistrate Judge in accordance with this Court's then-applicable case assignment procedures. Judge Dale screened the Complaint pursuant to 28 U.S.C. §§ 1915 and 1915A and issued an Initial Review Order ("IRO") on March 15, 2016. Dkt. 8. Judge Dale's IRO allowed Plaintiff to proceed on the First Amendment retaliation claim against Defendants Pantner and Walden, but dismissed Plaintiff's three state-law claims, and dismissed Defendant Idaho Correctional Industries as a defendant. Dkt. 8, 8-10. Judge Dale also issued a Scheduling Order on June 8, 2016, which set deadlines for discovery, amendment of pleadings, joinder of parties, and dispositive motions. Dkt. 15.

Plaintiff chose not to amend his complaint in the time allotted by the Scheduling Order, and the parties proceeded through discovery. Defendants filed a Motion for Summary Judgment on January 4, 2017, which was denied without prejudice on August 29, 2017, with supplemental briefing invited by the Court. Dkt. 42. Defendants filed their

Second Motion for Summary Judgment on October 10, 2017, and this case was reassigned shortly thereafter to Chief Judge B. Lynn Winmill.

On April 26, 2018, nearly two and a half years into the case, Plaintiff made the first request for leave to file an amended complaint. Dkt. 57. Plaintiff then filed several motions, including a declaration with new evidence on September 28, 2018. Dkts. 72-76. To resolve Plaintiff's flurry of motions and decide how to handle the newly-discovered evidence, the Court denied Defendants' Second Motion for Summary Judgment without prejudice. Dkt. 77. The Court invited the Parties to submit proposed case management plans, which the Court now considers in deciding the outstanding motions and altering the case schedule per the Order below.

## ANALYSIS

### 1. Plaintiff's Motion to Vacate the Magistrate Judge's Orders

By Motion, and again in his Brief Regarding a Case Management Plan, Plaintiff asks the Court to vacate Magistrate Judge Dale's prior orders in this case (i.e. the Initial Review Order and Scheduling Order). Defendants Pantner and Walden did not oppose Plaintiff's Motion to Vacate either in their initial Response to Plaintiff's Motion or in their Brief Regarding Case Management, instead "defer[ring] to the Court to take action as required by *Williams*." Dkts. 58, 88. Because Plaintiff, the only party who had appeared in this action at the time Judge Dale issued the IRO, had consented to magistrate judge jurisdiction, the IRO—which allowed Plaintiff to proceed on his retaliation claims against Defendants Pantner and Walden, but not on any other claim— was appropriate under this Court's then-existing precedent. *See Kelly v. Rolland*, No.

1:16-CV-00149-CWD, 2016 WL 3349222, at *1 n.1 (D. Idaho June 14, 2016) (citing

*United States v. Real Property*, 135 F.3d 1312, 1316 (9th Cir. 1998).

During the pendency of this case, however, the Ninth Circuit decided *Williams v. King*, which held that magistrate judges lack the authority to dispose of claims if an unserved party does not consent to magistrate judge jurisdiction. 875 F.3d 500, 503 (9th Cir. 2017). As Plaintiff points out, no Defendant had consented to Magistrate Judge Dale's jurisdiction prior to the issuance of the IRO, and one Defendant – ICI – never gave its consent. Dkt 57-5 at 3-4. Pursuant to the rule in *Williams*, therefore, and without objection from Defendants, the Court will vacate the IRO (Dkt. 8) because not all parties to the case had consented to magistrate judge jurisdiction.

The Court will not, however, vacate Magistrate Judge Dale's other orders in this case. Dkts. 15, 37. While the Ninth Circuit in *Williams* held that a magistrate judge cannot dispose of claims without consent of all parties, it did not divest the magistrate judges of their important ability to handle discovery and set deadlines for the Court. *See Williams* 875 F.3d at 503; *see also* 28 U.S.C. § 636(b)(1)(A) ("Notwithstanding any provision of law to the contrary…a judge may designate a magistrate judge to hear and determine any pretrial matter pending before the court…."). Magistrate Judge Dale's Scheduling Order disposed of just such pretrial matters, and the Court will not disturb them, or extend the holding of *Williams* into new ground to do so.

### 2.  Plaintiff's Motion to Grant Leave to File Amended Complaint

The Court will grant Plaintiff's Motion to Grant Leave to File an Amended Complaint despite the fact this case is over three years old and the discovery deadline has

long since passed. However, that does not mean Plaintiff gets to start over from square one. Plaintiff filed his complaint in November 2015, the parties engaged in significant discovery through December 2016, and filed summary judgment briefing in January and October 2017. Nevertheless, Plaintiff has come forward with previously unavailable new evidence that goes to the heart of his claims, which for the following reasons justifies allowing Plaintiff to amend his complaint.

     *i.*     *Good Cause Exists to Amend the June 8, 2016 Scheduling Order under Rule 16(b)*

Motions to amend a pleading filed after the scheduling order deadline are governed not by the liberal provisions of Rule 15(a) of the Federal Rules of Civil Procedure but by the more restrictive provisions of Rule 16(b), which requires a showing of "good cause." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604 (9th Cir. 1992). The focus of Rule 16(b)'s good cause standard is the diligence of the moving party. *Id.* at 608. A court should find good cause only if the moving party shows it "could not reasonably meet the established timeline in a scheduling order despite [its] diligence." *DIRECTV, Inc. v. Busdon*, No. CV-04-265-S-LMB, 2005 WL 1364571, *1 (D. Idaho June 8, 2005). "Moreover, carelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Johnson*, 975 F.2d at 609 (citing *Engleson v. Burlington Northern R.R. Co.*, 972 F.2d 1038, 1043 (9th Cir. 1992)).

When determining whether to grant a motion to amend outside the deadline imposed in the scheduling order, a court may also consider "the existence or degree of prejudice to the party opposing the modification" *Id.* But, while a court is allowed to

consider any prejudice that may occur, the court should focus its inquiry "upon the moving party's reasons for seeking modification." *Id.* If the party moving to amend "was not diligent, the inquiry should end." *Id.*

The Court finds that Plaintiff has diligently pursued leave to amend his complaint since the discovery of new evidence, and so has shown good cause to amend beyond the Court's deadlines. Courts in the Ninth Circuit regularly find that discovery of new evidence is sufficient to satisfy the good cause standard. *See, e.g., Ada Cty. Highway Dist. v. Rhythm Eng'g, LLC*, No. 1:15-CV-00584-CWD, 2017 WL 1502791, at *8 (D. Idaho Apr. 25, 2017); *M.H. v. County of Alameda*, 2012 WL 5835732 (N.D. Cal. Nov. 16, 2012); Macias v. Cleaver, No. 1:13-CV-01819-BAM, 2016 WL 8730687, at *4 (E.D. Cal. Apr. 8, 2016). Plaintiff first learned of the existence of new evidence in August 2018 when approached by fellow prisoner Tom Wilson. Dkt. 72. Plaintiff secured a signed declaration from Mr. Wilson by September 9, 2018 and proceeded to file this new evidence with the Court on September 28, 2018. Dkt 87, 2. Because Plaintiff already had a pending Motion to Grant Leave to File Amended Complaint, he did not undermine a finding of "good cause" by failing to renew his motion on discovery of the new evidence.

This Court has previously noted that "[t]he typical reason for granting leave to amend is that a party learns of information leading to the amendment that it could not have learned before the amendment deadline." *Cryer v. Idaho Dep't of Labor*, No. 1:16-CV-00526-BLW, 2018 WL 3636529, at *2 (D. Idaho July 30, 2018). For example, this Court has granted leave to amend under Rule 16(b) when "amendments could not have been filed earlier because they reflect information that plaintiff obtained from depositions

that it conducted 'up until the discovery cutoff date.'" *Gambrel v. Twin Falls Cty.*, No. CIV. 1:12-369 WBS, 2014 WL 1612677, at *1 (D. Idaho Apr. 22, 2014) (noting that this is a "textbook example" of good cause). Plaintiff asserts "this evidence was hidden from and not available to Plaintiff" until his meeting with Mr. Wilson in 2018. Dkt 87 at 2. In his September 9, 2018 declaration Mr. Wilson acknowledges he "ma[de] false statements and records against Barry Searcy in this litigation." Dkt. 74 at 2. Plaintiff should not be punished for lack of diligence in securing this information sooner; it does not appear to have been practically available earlier in the litigation. Because this newly-discovered evidence is material to Plaintiff's claims, and was not available earlier in the litigation, the Court finds good cause exists to alter the June 8, 2016 scheduling order in the case to allow Plaintiff to amend his complaint.

> ii.     *Amendment of Pleadings Is Appropriate under Rule 15(a)*

In addition to evaluating whether good cause exists to alter a scheduling order under Rule 16(b), the Court also must decide whether to grant leave for Plaintiff to file an amended complaint under Rule 15(a)(2). If there is good cause to modify the case schedule, the "court should freely give leave [to amend pleadings before trial] when justice so requires." Fed. R. Civ. P. 15(a)(2). The Supreme Court has set forth the standard to be applied by district courts when interpreting Rule 15(a):

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claims on the merits. In the absence of any apparent or declared reason- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the

amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962). As explained by the Ninth Circuit, the factors identified in *Foman* are not of equal weight; specifically, "delay alone no matter how lengthy is an insufficient ground for denial of leave to amend." *United States v. Webb*, 655 F.2d 977, 979 (9th Cir. 1981). The most important factor is whether amendment would prejudice the opposing party. *Howey v. United States*, 481 F.2d 1187, 1190 (9th Cir. 1973). As explained below, amendment does not appear to be futile, there has been no undue delay or bad faith on the part of the Plaintiff, and there is no undue prejudice to the Defendants.

Defendants Walden and Pantner first argue that Plaintiff's attempt to amend his complaint would be futile. In particular, Defendants suggest that Plaintiff's attempts to add five claims ("Claims II-VI") originally dismissed by Magistrate Judge Dale in her IRO would be futile because these claims have already been found to be legally deficient. Dkt. 58, 7-8. But Defendants' futility arguments are moot. This court has vacated the magistrate judge's IRO in accordance with *Williams*, so these five claims from Plaintiff's original Civil Complaint are back in the complaint currently, regardless of amendment. *See* Dkt. 3. Because Plaintiff's original Civil Complaint is operative again in this case, Plaintiff's futility arguments with respect to Claims II-VI are now moot.[1]

---

[1] Defendants make no additional futility arguments. See Dkts. 58, 67, 88.

Defendants also argue that Plaintiff has unduly delayed his motion for leave to amend, because it was made "more than 30 months after he initiated this lawsuit and 24 months after Walden and Pantner appeared and answered the Civil Complaint." Dkt. 58 at 9. No doubt, Plaintiff's Motion to Grant Leave to Amend comes long after this case began. But here, the Court looks to whether Plaintiff delayed following the discovery of new evidence, not whether there was undue delay relative to the initiation of the lawsuit. Similar cases have allowed Plaintiffs to amend when new evidence has come to light after the close of discovery. *See, e.g., Hollist v. Madison Cty.*, No. 4:13-CV-00139-BLW, 2013 WL 5935209, at *1 (D. Idaho Nov. 1, 2013) ("[G]ood cause existed when defendants did not produce evidence in their initial disclosures, which served as the basis for amending plaintiff's complaint, despite plaintiff's effort to obtain it beforehand."). Since the relevant information was previously hidden from Plaintiff, and Plaintiff timely asked the Court for leave to amend following the discovery of new evidence, this Court finds no undue delay on the part of Plaintiff.

Finally, Defendants suggest that allowing amendment at this late stage would be unduly prejudicial. Defendants point to the possibility of additional discovery, the need to re-tool their summary judgment briefing, and delay of the eventual trial date. Dkt 58, 9-10. The Court does not believe Defendants will be unduly prejudiced by allowing Plaintiff to amend his complaint at this stage. For one thing, Defendants may already need to alter their summary judgment briefing pending this Court's review of the now-operative complaint (Dkt. 3) pursuant to 28 U.S.C. § 1915A. What is more, the Court is not re-opening discovery at this time, so there is no immediate prejudice to Defendants

regarding further discovery. Although this Court is loath to string this case along further, Plaintiff has brought forth evidence that goes to the heart of the claims in his complaint, which should allow Plaintiff to amend. This burden on Defendants is minimal and does not justify denying Plaintiff's Motion under Rule 15(a).

The Court also points out that Plaintiff is pro se, which suggests the Court should be lenient in allowing Plaintiff to amend his complaint. The Ninth Circuit has held that pro se parties deserve special deference in this area; "[p]ro se plaintiffs proceeding [in forma pauperis] must . . . be given an opportunity to amend their complaint [prior to dismissal] unless it is absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Franklin v. Murphy*, 745 F.2d 1221, 1228 n.9 (9th Cir. 1984) (citation and internal quotations omitted); *see also Cato v. United States*, 70 F.3d 1103, 1106 (9th Cir. 1995); *Rizzo v. Dawson*, 778 F.2d 527, 529-30 (9th Cir. 1985); *cf. Denton v. Hernandez*, 504 U.S. 25, 34 (1992) (suggesting that if the complaint's deficiencies could be remedied by amendment, then it may be abuse of discretion to dismiss complaint without granting leave to amend). Due to Plaintiff's pro se status, the Court chooses to err on the side of freely allowing Plaintiff to amend in light of the previously unavailable evidence now presented.

Ultimately, the Court's decision is one of broad discretion. *See Miller v. Safeco Title Ins. Co.*, 758 F.2d 364, 369 (9th Cir. 1985). As the Ninth Circuit has made clear, this Court should be guided by the underlying purposes of the Federal Rules of Civil Procedure to facilitate decision on the merits, rather than on the pleadings or technicalities." *Ada Cty. Highway Dist. v. Rhythm Eng'g, LLC*, No. 1:15-CV-00584-

CWD, 2017 WL 1502791, at *7 (D. Idaho Apr. 25, 2017) (citing *Webb*, 655 F.2d at 979).

Rule 16's purpose, "is to get cases decided on the merits of issues that are truly meritorious and in dispute," *Allen v. Bayer Corp. (In re: Phenylpropanolamine (PPA) Prods. Liab. Litig.),* 460 F.3d 1217, 1227 (9th Cir. 2006), and "to manage the cases ... efficiently and effectively," not to enforce deadlines "mindlessly" or for no good reason. *Wong v. Regents of University of California*, 410 F.3d 1052, 1060 (9th Cir. 2005). Finally, the public policy favoring resolution on the merits clearly counsels against denying the amendment here, especially where a case, as here, involves claims of § 1983 civil rights violations. *See Eldridge v. Block*, 832 F.2d 1132, 1137 (9th Cir. 1987) (noting that the public policy favoring resolution on the merits "is particularly important in civil rights cases"). For the aforementioned reasons, the Court will grant Plaintiff's motion for leave to amend in accordance with this Order.

### 3. The Court Will Deny Plaintiff's Motion to Appoint Counsel

Also pending before the Court is Plaintiff's Motion for the Appointment of Counsel. Dkt. 9. Unlike criminal defendants, prisoners and indigent parties in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the

complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. The Court also finds that Plaintiff has articulated his claims sufficiently, and that the legal issues in this matter are not overly complex. Based on the foregoing, the Court shall deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel. Plaintiff should be aware that a federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(d). *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id*. The Court has no funds to pay for attorneys' fees in civil matters such as this one. Therefore, it is often difficult to find attorneys willing to work on a case without payment, especially in prisoner cases, where contact with the client is especially difficult. For these reasons, Plaintiff should attempt to procure his own counsel on a contingency or other basis, if at all possible.

### 4. Remaining Motions are Moot

Also before the Court are Plaintiff's Motion for Leave to File Additional Motions (Dkt. 72), and Defendants' Motions to Strike (Dkt. 67, 68). Plaintiff's Motion for Leave to File Additional Motions is based on Magistrate Judge Dale's IRO (Dkt. 8), which the Court has vacated in accordance with *Williams*. Because the IRO is vacated, Plaintiff's Motion for Leave to File Additional Motions is denied as moot.

Defendants have also filed a pair of Motions to Strike that are now moot. Defendants' Motion to Strike Plaintiff's filings associated with his Reply to Response to Motion to Vacate Magistrate's Orders and Grant Leave to File Amended Complaint (Dkt. 67) and Motion to Strike Plaintiffs filings associated with Plaintiff's Notice and Replacement of Proposed Amended Complaint (Dkt. 68) are both moot because this Court has given Plaintiff the opportunity to file an Amended Complaint based on newly discovered evidence and vacated one of the Magistrate's orders based on *Williams*. Striking Plaintiff's filings related to the proposed Amended Complaint and Motion to Vacate the Magistrate Judge's Orders would be moot because none of the Plaintiff's filings were material in the Court's determination to grant Plaintiff leave to amend and to vacate the magistrate judge's IRO.

## ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to Grant Leave to File Amended Complaint is GRANTED. Plaintiff will have twenty-one (21) days from the entry of this Order to file an amended complaint. After the Court has screened the complaint pursuant to 28 U.S.C. § 1915A, the Court will schedule a case management conference to set appropriate deadlines and determine whether additional discovery is required.

2. Plaintiff's Motion to Vacate Magistrate's Orders is GRANTED in part (Dkt. 8), and DENIED in part (Dkts. 15 & 37).

3. Plaintiff's Motion to Appoint Counsel (Dkt. 73) is DENIED.

4. Defendants' Motions to Strike (Dkt. 67, 68) and Plaintiff's Motion for Leave to File Additional Motions (Dkt. 72) are DENIED as moot.

DATED: January 7, 2019

B. Lynn Winmill
U.S. District Court Judge